[Civ. No. 17111.   Second Dist., Div. Two.   Mar. 17, 1950.]

· GEORGE G. DeSYLVA, Respondent, v. MARIE BALLENTINE et al., Appellants.

Fink, Rolston, Levinthal & Kent for Appellants.

Pacht, Warne, Ross & Bernhard, Isaac Pacht, Clore Warne and Bernard Reich for Respondent.

WILSON, J.—This appeal is by defendants from an order directing plaintiff to make payments for the support of the minor child of plaintiff and defendant Marie Ballentine pending determination of the appeals from portions of the judgment rendered in the above entitled action and for attorneys' fees for the minor on the appeals. By an opinion filed concurrently herewith in No. 17112 (*ante*, p. 503 [215 P.2d 780]) the appeals have been determined.

Defendants contend as grounds for appeal that both the amount plaintiff was ordered to pay for the support of the minor and the counsel fees awarded to the child were so inadequate and unreasonable as to constitute an abuse of discretion.

Plaintiff brought this action for a declaration of the rights and duties of the parties under section 196a of the Civil Code and under a contract entered into between plaintiff and Miss Ballentine. The trial court found the contract to be valid and subsisting and that the child needed $350 a month for its support in addition to any benefits which it might receive under the contract. Plaintiff was ordered to pay $250 a month and defendant Marie Ballentine $100 a month for the child's maintenance and support. Both parties appealed from portions of the judgment and the court ordered plaintiff to pay $350 a month for the child's support pending a determination of the appeals and $1,500 for attorneys' fees on the appeals.

Defendants assert that no consideration was given by the court to the fact that maintenance of the mother is a necessary part of the child's support; that pending appeal plaintiff would make no payments under the contract, leaving Miss Ballentine without means of support; that the court had found the child required $350 a month for support in addition to other benefits, including benefits which it would receive under the contract. Defendants do not contend that the child is entitled to any greater sum for its support pending appeal than would be available under the final judgment but maintain that since the mother would be without funds pending the

appeal, the amount awarded should have been $750, which would equal the amount that would have been available to the child and the mother were the plaintiff to continue making payments under the contract.

The order provides that payments made pending appeal are to be credited to plaintiff against any accrued amounts on the judgment in the event of its affirmance. The order was for support pending appeal from the judgment and it is now *functus officio*. The judgment has been affirmed, thereby assuring payment by plaintiff of the sums awarded by the judgment from the date of its entry and the question is therefore moot.

There is no merit in appellants' contention that the counsel fees awarded for services for the child on appeal were inadequate and unreasonable. From the manner in which the case was tried and argued in the superior court we take notice that most if not all of the legal points presented on the appeal had been thoroughly researched and briefed for the trial. Considering that fact and the further fact that the issues insofar as the child is concerned were limited, the fees awarded for the appeal were not so unreasonable or inadequate as to constitute an abuse of discretion.

Affirmed.

Moore, P. J., and McComb, J., concurred.